# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANG CHEN,<br>[A98-566-080]<br>                          Petitioner,<br>vs.<br>JANET NAPOLITANO, *Secretary of the Department of Homeland Security*; ERIC HOLDER, *Attorney General*; ROBIN BAKER, *Director of San Diego Field Office, U.S. Immigration and Customs Enforcement*; ROBERT RILLAMAS, *Officer-in-Charge*,<br>                          Respondents. | CASE NO. 09cv563 - IEG - NLS<br><br>ORDER (1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (2) GRANTING MOTION TO APPOINT COUNSEL |

Petitioner has submitted a Petition for Writ of Habeas Corpus pursuant to 22 U.S.C. § 2241. Petitioner moved the Court to (1) grant leave to proceed in forma pauperis ("IFP") and (2) appoint counsel pursuant to 28 U.S.C. §3006A. Having considered petitioner's submissions, and for the reasons set forth below, the Court DENIES petitioner's motion to proceed IFP and GRANTS petitioners motion for appointment of counsel.

## I.    In Forma Pauperis Motion

Petitioner's application to proceed IFP reveals that Petitioner has $1,560.00 in his prison trust account. With this fund, Petitioner is able to pay the $5.00 filing fee required to file a writ of habeas corpus. 28 U.S.C. § 1914(a). Therefore, the Court **DENIES** Petitioner's motion to proceed IFP. He must pay the filing fee within 30 days of the filing of this order or this matter will be dismissed.

## II.     Motion for Appointment of Counsel

Section 3006A(a)(2)(B) provides that counsel may be appointed for an impoverished habeas petitioner "whenever the court determines that the interest of justice so require." 28 U.S.C. §3006A. In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

The Supreme Court has held that a post-removal detention exceeding six months is presumptively unreasonable. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

Petitioner was ordered removed to China on April 7, 2006. He appealed his case to the Board of Immigration Appeals and to the Ninth Circuit Court of Appeals. His petition for review was denied on April 7, 2009, lifting the stay of removal. It has been over 11 months since the order of removal was reinstated. Thus, Petitioner's claim has merit since he has been detained for longer than the presumptively reasonable period. Further the Court concludes Petitioner is incapable of articulating his claims pro se because the case involves complex constitutional analysis, statutory interpretation, and comprehension of Supreme Court precedent.

Based on the foregoing, the Court concludes that the interests of justice require appointment of counsel. Therefore, the Court **GRANTS** Petitioner's request and appoints the Federal Defenders of San Diego, Inc. as counsel for the purpose of representation in this habeas action.

**IT IS SO ORDERED.**

**DATED: March 27, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**