**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FANG CHEN,<br><br>                   Petitioner,<br>vs.<br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security; ERIC HOLDER, Attorney General; ROBIN BAKER, Director of San Diego Field Office, U.S. Immigration and Customs Enforcement; ROBERT RILLAMAS, Officer-in-Charge,<br><br>                   Respondents. | CASE NO. 09cv563 - IEG - NLS<br><br>ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS |

On March 19, 2009, Petitioner Fang Chen filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a Chinese national, alleges his continuing detention exceeds the presumptively reasonable 180 day period of detention announced in Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Having reviewed the parties' submissions and applicable law, the Court DENIES the Petition for the reasons set forth below.

**BACKGROUND**

i.    Factual Background

On April 25, 2005, Petitioner, a native and citizen of China, was arrested while attempting to evade inspection at the Calexico, California port of entry. An immigration judge ordered him removed to China in April 2006. On July 13, 2006, the Board of Immigration Appeals upheld the immigration judge's order. Petitioner then petitioned the Ninth Circuit for review and obtained a stay of removal during the pendency of those proceedings. On April 7, 2008, the Ninth Circuit denied in part and dismissed in part the petition for review. The mandate issued on May 30, 2008, vacating the stay of removal.

ii.     Procedural Background

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. 2241 on March 19, 2009.  (Doc. No. 1.)  The Court denied Petitioner's accompanying motion to proceed in forma pauperis and granted his motion for appointment of counsel.  (Doc. No. 6.)  In response to Respondents filed their return to the Petition on May 11, 2009.  (Doc. No. 15.)  Additionally, Respondents filed a supplemental declaration by ICE headquarters officer Cynthia Kohlmeier-Parker ("ICE declaration") "describing the past and recent efforts to obtain a travel document for the repatriation of Petitioner Chen to China."  (Notice of Lodgement of Decl 1, Doc. No. 10.)  Petitioner filed a traverse on June 3, 2009.  (Doc. No. 16).  The Court finds this matter amenable to disposition without oral argument.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge the Attorney General's authority to detain a removable alien.  Zadvydas v. Davis, 533 U.S. 678, 687-89 (2001); see also Denmore v. Kim, 538 U.S. 510, 516-17 (2003).  After the removal order becomes final, the Attorney General has 90-days to remove the alien from the United States.  8 U.S.C. § 1231(a)(1)(A).  During the 90-day removal period, the alien must remain in custody.  8 U.S.C. § 1231(a)(2).

If the Attorney General cannot remove the alien within the statutory removal period, he may release the alien under appropriate conditions of supervision.  See Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002).  However, the Attorney General may detain an alien beyond the 90-day removal period if he determines the alien would "be a risk to the community or unlikely to comply with the order of removal" if released from custody.  8 U.S.C. § 1231(a)(6).  Section 1231(a)(6) authorizes a period of detention that is "reasonably necessary to remove the alien," but it "does not permit indefinite detention."  Zadvydas v. Davis, 533 U.S. at 689.  As a benchmark, a six-month detention period is presumptively reasonable.  Id.  After this six-month period, an alien advocating release must provide "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future."  Id. at 701.  "[F]or the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would shrink."  Id.  The government must rebut this showing or release the alien.  Id.

**DISCUSSION**

In the present case, Petitioner's custody has exceeded the presumptively reasonable six-month period. Because Petitioner has not shown "there is no significant likelihood of removal in the reasonably foreseeable future," the Court need not address the Government's rebuttal evidence.

*i.     Parties' Arguments*

Petitioner argues there is no significant likelihood of removal in the reasonably foreseeable future. First, Petitioner argues the structure of China's repatriation system makes removal unlikely: Chinese consulates must seek permission to repatriate from the central government in Beijing, which often changes its policies and procedures. See United states General Accounting Office, Immigration Enforcement: Better Data Are Needed to Assure Consistency with the Supreme Court Decision on Lon-Term alien Detention, 22 (May 2004). Second, Petitioner notes China's removal rate annually hovers between 20% and 25% of the total number of Chinese deportees. See Office of Immigration Statistics, Department of Homeland Security, 2005 Yearbook of Immigration Statistics 92, 97, 101, 105 (Nov. 2006). Based on these structural and statistical arguments, Petitioner concludes removal is unlikely in the reasonably foreseeable future.

The Government believes statistics and the general structure of the Chinese repatriation system are insufficient to show removal is unlikely in Petitioner's individual case. The Government explains the delay in Petitioner's removal stems from the summer Olympics and the Chinese consulate's refusal to deal with the local DHS office. Now that DHS Headquarters is leading the removal proceedings, the Government believes removal is imminent. In May, DHS Headquarters met with the Chinese consulate "to reach a final understanding on whether or under what further conditions the consulate will approve Chen's repatriation." (Return 1.).

In his traverse, Petitioner argues the DHS meeting with the Chinese consulate has already occurred, yet there is no still no "final understanding." Petitioner points to the ICE Declaration, which does not mention whether travel documents are forthcoming. Petitioner notes the critical question is not whether the Government has made a good faith effort to remove the alien, but rather what results those efforts produce. In this case, Petitioner believes the Government's efforts have not produced a reasonably foreseeable removal.

ii. Analysis

Petitioner does not submit sufficient evidence to carry his burden. Although the Chinese repatriation system may be structurally prone to delay, it does not follow that these flaws will necessarily impact his individual removal proceedings. At most, Petitioner has shown he must navigate a system prone to delay. He has not shown the purported flaws will result in a denial of travel documents or a delay of removal beyond the reasonably foreseeable future.[1] The Court declines substitute structural inferences for an individualized showing.

Petitioner's statistical evidence suffers a similar flaw. It may be true that China repatriates an uncommonly low number of its citizens, however, this does not mean Petitioner is unlikely to be repatriated. The Court declines to make this statistical inference and finds Petitioner's evidence does not carry his burden.

Finally, the procedural history of Petitioner's case does not indicate removal will not occur in due course. The Government has initiated discussions with the Chinese consulate to reach a final understanding regarding Petitioner's case. In the ICE declaration, the Government indicates it is awaiting a response from the Chinese consulate. Although, a continued lack of response may be future evidence that removal is not foreseeable, at this juncture, the Court declines to make this finding. Further, the Government provides reasonable explanations for the length of detention. Although these explanations may prove unavailing if Petitioner remains in custody for a significant amount of time, currently, they are reasonable.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus is **DENIED** without prejudice. If, ninety days from this order, Petitioner remains in custody, he may refile his petition.

**IT IS SO ORDERED.**

**DATED: June 24, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] However, if Petitioner suffers continued delay in his repatriation proceedings, the "reasonably foreseeable future" will continue to shrink.